JEFF T. ROBINSON *v.* TERRENCE ANDERSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—772.]

**Creditor's Claims.**

When a husband is insolvent and yet as agent of his wife who is solvent he trades in real estate with her money, giving up all of his time to the business, and without the knowledge of his wife takes real estate in his own and his wife's names jointly, his undivided interest in such land is liable for a judgment taken against him prior to his receiving such interest by conveyance.

APPEAL FROM FLEMING CIRCUIT COURT.

March 29, 1884.

OPINION BY JUDGE PRYOR:

The testimony in this case conduces to show that in the year 1849 the husband of the appellee (Mrs. Anderson) became insolvent, and it was necessary to dispose of all his estate for the payment of his debts. His estate was valuable, and his wife, who desired his debts paid, relinquished all her right in consideration of $1,200 that she seems to have invested in real estate, and had

deeds taken in her own name. She also derived some estate from her son and inherited a few hundred dollars from her father's estate. The money was invested in land, and through her husband she purchased and sold real estate until she seems to have added to her estate and prospered in a pecuniary point of view. All the trading and speculation was by the husband without even the knowledge of his wife, although he secured her in the trust property until the deeds were made to the several tracts now in controversy. The conveyances to these several tracts were made to both husband and wife, but as the wife alleges, without her knowledge or consent. The husband continued to be insolvent, and so far as the record shows had accumulated no means except such as had been raised or made by his judicious investments in real estate. The husband and wife becoming old, the land and personalty belonging to them was conveyed to their son-in-law in trust for their use, but this was not done until the appellants had levied an execution on the interest of the husband in the land owned or conveyed to himself and wife jointly, and had sold the same and obtained a conveyance from the sheriff. The execution creditor who is now claiming the land, or rather the interest of the husband in it, is insisting on a partition, alleging as the proof shows that it had been sold for more than two-thirds of its value. This execution was issued upon a judgment obtained many years prior to the execution of these joint deeds, and we are inclined to the conclusion that the proceeds of the wife's estate went into the land, and that she knew nothing of the execution of the joint conveyances by which her husband was invested with an interest. Still the husband's indebtedness existed, and from the labor of a lifetime he ought to have at least accumulated a sum sufficient to entitle him to some interest in the estate, and when this interest is created by the execution of conveyances that vested them with the title to a part of this land although as between the husband and wife it may have been and was regarded as trust property, as to the creditor it should be sold to satisfy his debts.

The appellant had notice of the wife's equity before he purchased, and therefore he should be satisfied with having so much of the land sold as will pay the balance of his judgment and costs, upon the idea that it must be presumed that the husband had some interest in the land. He was a man of business habits,

engaged in making and executing conveyances, and he could hardly make so many mistakes as to have conveyed to himself and wife jointly as many as three tracts of land at different times when he had no interest whatever in the land and knew full well that it vested him with title.

He prepared one of the deeds himself and accepted the others, and his business character repels the idea that he was ignorant of what had been done, or that he could not have discovered at once the mistakes. All the conveyances, and they were several, that were made prior to the date of the execution of the joint deeds were made to the wife alone, and there can be assigned no such excuse on the part of the husband as the execution of these deeds through inadvertence. The husband no doubt felt that his services entitled him to a joint interest, and as the accumulations to the estate were caused by his efforts and management during a period of twenty or thirty years, and these deeds have been made and placed to record vesting him with title, although unknown to the wife, the creditor's claim should be paid out of the trust property for the reason that he has an interest at least to that extent in it. The amount of the debt of appellant is $322.75, with interest from January 1, 1852, and $3.10 costs, credited by $201 paid November 22, 1859. This sum, together with the costs, should be made out of the land conveyed jointly to the husband and wife; that is, out of the one-half conveyed to the husband.

The only serious question involved in the case is whether the appellants are entitled to the land purchased under their execution, or should be compelled to accept their debt by a resale of the trust property in order that the rights of the wife should be protected and the trust enforced as between herself and husband. We think the latter is the equitable view of the case. The wife was too old to know much of business transactions, and to deprive her of the one-half of the land for the satisfaction of the debt would be inequitable under the circumstances of this case. The chancellor should therefore sell so much of the interest of the husband as will pay the appellants' debt and costs and secure to the wife the balance for her own use.

The judgment below is *reversed* and cause remanded for proceedings consistent with this opinion.

*Reid & Stone, for appellant.*
*W. H. Cord, W. J. Hendrick and M. M. Teager, for appellees.*